**YODER, Plaintiff-Appellee, v. YODER, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 614.   Decided November 29, 1943.

Murphy & Staley, Greenville, for defendant-appellant.
Robert E. Riegel, Greenville, for plaintiff-appellee.

## OPINION

By GEIGER, J.

This matter is before this Court on an appeal from the judgment of the Court of Common Pleas. This action was begun in that Court by Howard O. Yoder against Mary E. Yoder, his wife, for divorce and custody of minor children. Plaintiff states in his petition that the defendant is guilty of gross neglect of duty in that she frequently left her home and family for long periods, and that she failed to take care of their minor children, and associated with other men—becoming intoxicated on many occasions. The petition alleges that there are two minor children, one then aged four years, and one aged two and one-half years. Service was made by publication. The Court found that the defendant, Mary E. Yoder, was guilty as charged in the petition, and a divorce was granted with the custody of the two minor children given to the plaintiff. Thereafter, the defendant, Mary E. Yoder, moved the Court to modify the order made as of June 11th, 1941, granting the custody of the children to Howard O. Yoder, plaintiff, and granting the custody of said minor children to her. This motion was not heard for some time, due to the fact that notice of said motion could not be served upon the plaintiff.

The Court, upon hearing the evidence submitted on the motion, found that it would be for the best interest of the children to have them remain in the custody of the plaintiff, as before ordered, and said motion was overruled, with permission given to the defendant to visit the children on certain occasions. To this order of the court overruling the motion, the defendant gave notice of appeal to this Court, and the cause was lodged in the Court of Appeals.

The following is the substance of the assignments of error. (1) That the trial court abused its discretion in refusing to change the custody of the children; (2) in overruling motion for new trial; (3) in not recognizing that the mother was the proper person to have custody of the children.

In his argument counsel for defendant-appellant states

that the only assignment of error urged is that the trial court abused its discretion in refusing to grant a change of custody of the minor children to defendant,—being the assignment of error No. 1.

Sec. 8032 GC, defines the rights of divorced parents, and states in substance that when the parents are divorced and the question as to the care, custody and control of the children is brought before a court "that they shall stand upon an equality as to the care, custody and control of such off-springs, so far as to their being father or mother thereof."

Sec 8033 GC, provides that upon hearing of the testimony of the parents and their witnesses, the Court shall decide which one of them shall have the care of the children, taking into account that which would be for their best interest, except that in case of the children being ten years of age, or more, they must be allowed to choose the parent with whom they live.

As in all divorce cases, the care of minor children becomes a difficult problem. The Court in this case, upon hearing the evidence of divorce, for reasons that seemed to him sufficient, granted the custody of the children to the father. On motion made by the mother for the change of this order, the Court refused to change the order as to the custody, but did permit the mother to have certain rights of visitation.

The error proceeding is based upon the assertion that the Court abused its discretion in refusing to change the custody.

After the divorce was granted to these parties, each in a short time remarried.

It is claimed that due to the larger wages earned by the new husband of the defendant she is better able to care for the children than is the father. On the other hand, plaintiff-appellee asserts, and it is admitted that he is now providing, through the assistance of his new wife, for the proper care of the minor children.

We have read the record in the case and discover no ground upon which we can conclude that the Court abused its discretion. He acted within the specific terms of the two sections above quoted.

Assignments of error overruled. Judgment of the Court below affirmed. Cause remanded.

BARNES, P. J., and HORNBECK, J., concur.